# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| | ) 2:14-cr-291 |
| v. | ) |
| | ) |
| ANDREA FORSYTHE, | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM ORDER

Now pending before the Court is a MOTION TO DISMISS COUNT ONE OF THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH CITATION OF AUTHORITY (ECF No. 38) filed by counsel on behalf of Defendant Andrea Forsythe. The government has filed a response in opposition to the motion and it is ripe for disposition.

Defendant is charged in Count One of the Indictment in Criminal Case No. 14-291 with malicious destruction by fire of a rental home located at 128 McVey Street, Sturgeon, PA, in violation of 18 U.S.C. § 844(i). At Counts Two, Three and Four of the Indictment, Forsythe is charged with wire fraud.

Defendant points out, correctly, that an essential element of the crime charged in Count One is that the property was used in or affected interstate commerce. Forsythe contends that because the government's only "evidence" is that the home was rented pursuant to an oral lease between Forsythe and her then-boyfriend, the government cannot prove the "interstate commerce" element such that this charge must be dismissed. Defendant recognizes that the United States Court of Appeals and the United States Supreme Court have held that convictions for destruction of rental property under 18 U.S.C. § 844(i) are constitutional. *See United States v. Minerd*, 112 Fed. Appx. 841 (3d Cir. 2004) (non-precedential); *Russell v. United States*, 471 U.S. 858 (1958). Nevertheless, Defendant predicts that the Supreme Court

will overrule *Russell*, in light of its reasoning in the *Lopez*, *Morrison* and *Jones* trilogy applying the interstate commerce clause. She seeks to preserve her ability to raise this argument on appeal.

In response, the government contends that Forsythe's motion is premature. The government alleged in the indictment that the property at issue affects interstate commerce and contends that it must be given an opportunity to prove that element at trial. In addition, the government points to *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Williams*, 299 F.3d 250 (3d Cir. 2002), for the proposition that *Russell* remains binding and authoritative precedent.

The *Russell* and *Williams* case decisions are binding on this Court. *Minerd*, as a non-precedential opinion, is a persuasive authority. The government's proffer of its intended evidence is sufficient to establish the interstate commerce element of the charged offense under those cases. It must be given an opportunity to present such evidence to the jury. Defendant has preserved her right to seek relief on appeal.

In accordance with the foregoing, the MOTION TO DISMISS COUNT ONE OF THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH CITATION OF AUTHORITY (ECF No. 38) is **DENIED**, without prejudice to reassert at the conclusion of the government's case in chief at trial.

SO ORDERED this 23rd day of March, 2016.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: **All counsel of record**
Via CM/ECF